OPINION
{¶ 1} Plaintiff-appellant the State of Ohio ("the State") brings this appeal from the judgment of the Bellefontaine Municipal Court granting defendant-appellee Daniel J. Hurley's ("Hurley") motion to suppress evidence.
 {¶ 2} On March 29, 2003, Hurley was observed running a stop sign by a state trooper and was stopped for the traffic violation. The officer had observed Hurley's driving prior to this incident and saw no other violations and described Hurley's driving as being good. When speaking with Hurley, the trooper observed glassy eyes, possible slurred speech and an odor of alcohol. Hurley claimed that he was momentarily distracted and had not seen the stop sign. The trooper spoke with Hurley for a while and all of Hurley's responses were appropriate. Hurley was also able to provide his license and registration without any sign of impairment. The trooper then proceeded to have Hurley complete the field sobriety tests in the rain. Hurley exited the vehicle without a problem and the trooper detected no indication that Hurley was under the influence of alcohol at this point. Hurley passed several of the tests with little if any difficulty, but failed the HGN test. Hurley was arrested for driving under the influence, for underage consumption, and failing to stop at a stop sign. At the station, Hurley registered a blood alcohol level of .145.
 {¶ 3} On June 6, 2003, Hurley filed a motion to suppress the field sobriety tests and claiming that the trooper lacked probable cause to arrest him. A hearing was held on the motion on July 14, 2003. At the hearing, the trooper testified that he just told Hurley to follow the stimulus until told to stop. Tr. 7. He also testified that he had Hurley looking slightly up at the stimulus while it was raining. He did not testify that he told Hurley to just follow the stimulus with his eyes, not his head. He also did not testify as to the distance he held the stimulus away from Hurley. As to the other tests, the trooper testified that Hurley performed well on them and only had slight indications of impairment. Finally, the trooper testified that prior to the field sobriety tests, he had no indication that Hurley was under the influence of alcohol. Based upon this testimony, the trial court concluded that Hurley had passed the majority of the field tests and that the tests taken as a whole in the circumstances given did not provide sufficient evidence of impairment to provide probable cause to arrest Hurley for driving under the influence of alcohol. Based upon this ruling, the trial court ordered that the field sobriety tests and all subsequent tests should be suppressed as to the OMVI charge.[1] It is from this judgment that the State appeals and raises the following assignment of error.
The court committed reversible error when it granted [Hurley's] motion to suppress the results of the breath alcohol test where [Hurley] failed to stop at a stop sign, scored six points on the horizontal gaze nystagmus tests, had alcohol on his breath, admitted to consuming 2 to 3 beers, could not follow instructions when performing the field sobriety tests, stepped off the line two time for balance during instructions and could not perform the field sobriety tests.
 {¶ 4} Appellate review of a trial court's ruling granting a motion to suppress involves mixed questions of law and fact. State v. Long
(1998), 237 Ohio App.3d 328, 713 N.E.2d 1. "[A] reviewing court must defer to the trial court's findings of fact if competent, credible evidence exists to support the trial court's findings." State v. Hapney, 4th Dist. Nos. 01CA30 and 01CA31, 2002-Ohio-3250, at ¶ 28. "The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case." Id.
¶ 5 In this case, the trial court found that Hurley had passed the field sobriety tests. The trial court acknowledged that there were some mistakes, but the testimony indicated only one sign of impairment was found. The trooper admitted during the testimony that Hurley had performed well on all of the tests except for the HGN, which was performed with inadequate instructions and in the rain. Thus, there is evidence to support the trial court's conclusions that Hurley had passed the field sobriety tests.
 {¶ 6} The testimony also indicated that the trooper had taken notes on his hand at the scene and later put these notes onto paper. The officer's notes were not consistent with the statements written on the alcohol report made at the station. The trooper testified that prior to the field sobriety tests, he did not have any reason to arrest Hurley because his actions and statements were not anything that would arouse suspicion. The only reason that he gave the field sobriety tests to Hurley was because he detected the odor of alcohol on Hurley's breath. The state argues that this along with the slurred words and a subsequent admission to drinking two or three beers is sufficient to establish probable cause to make the arrest. However, the trooper testified that his observation of Hurley's driving did not give rise to any suspicion that Hurley's driving was impaired, only that he was inattentive. The trooper also testified that although Hurley's speech was slightly slurred, it was not very noticeable and that Hurley's motor skills and mental skills were appropriate in that he had no problem performing getting his license and registration, speaking with the trooper, responding to the trooper's requests, exiting the car, walking, or anything else. The mere admission to drinking two to three beers over an unspecified period of time alone is not sufficient to provide probable cause for an arrest for driving under the influence of alcohol. Although the State argues that the evidentiary standard for probable cause should be lower for anyone under 21years of age, the State fails to provide any legal basis in support of this argument.[2] The evidentiary standard for probable cause to arrest for a OMVI violation is the same for all drivers, regardless of age. Based upon the evidence before it, the trial court, looking at the evidence before the trooper at the time of the arrest determined that the trooper lacked probable cause to make the arrest. Given the trooper's testimony that he did not have cause to arrest Hurley for OMVI absent the field sobriety tests, and the trial court's findings that Hurley passed the field sobriety tests, this court agrees. The assignment of error is overruled.
 {¶ 7} The judgment of the Bellefontaine Municipal Court is affirmed.
Judgment affirmed.
WALTERS and CUPP, JJ., concur.
[1] The underage consumption charge and the stop sign violation remained. Hurley entered a plea of guilty to those charges and was sentenced.
[2] The State claims that a lower evidentiary standard is needed because a driver under the age of 21 have a lower per se violation limit and it is harder for the officers to detect this lower level. This argument fails for want of logic.